IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.     Criminal No. 3:98CR110

SPENCER BOWENS

MEMORANDUM OPINION

Spencer Bowens, a federal inmate proceeding with counsel, submitted this successive motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 244). Bowens argues that in light of the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015), his guidelines sentence is unconstitutional. (Id. at 2.) The Government has responded. (ECF No. 252.) Bowens has replied. (ECF No. 253.) For the reasons set forth below, the Court will dismiss Bowen's § 2255 Motion as barred by 28 U.S.C. § 2255(h)(2) and untimely.

I. PROCEDURAL HISTORY

After a jury trial, Bowens was convicted of conspiracy to possess and distribute crack cocaine, powder cocaine, and heroin, in violation of 21 U.S.C. § 846 (Count One), two counts of harboring a fugitive from arrest, in violation of 18 U.S.C. § 1071 (Counts Three and Four), and obstruction of justice, in violation of 18 U.S.C. § 1503 (Count Six). The probation office

prepared a Presentence Report ("PSR") for Bowens prior to sentencing. In the PSR, the probation officer found Bowens to be a career offender because the offense of conviction was a controlled substance offense and Bowens had been previously convicted of two crimes of violence, which were two robbery convictions from 1983. (PSR ¶¶ 33, 34, 41, ECF No. 202.) Based on the career offender enhancement, Bowen's criminal history category increased from Level IV to Level VI. (Id. Wksht C, at 2; Wksht D, at 1.) Bowens's total offense level of 45 was driven by characteristics of the offense, such as drug quantity and a dangerous weapon possessed, and several other enhancements, and was not based on the finding that he was a career offender. (Id. Wksht A, at 1; Wksht D, at 1.) Bowens's sentencing guidelines range was life in prison. (Id. Wkst D, at 1.) At the time Bowens was sentenced, the United States Sentencing Guidelines ("USSG") were deemed mandatory. See United States v. Booker, 543 U.S. 220, 233 (2005).

On January 8, 1999, the Court sentenced Bowens to life in prison for the drug conspiracy charge and to concurrent sentences of 60 months for the two counts of harboring a fugitive and 120 months for obstruction of justice. On August 18, 2000, the United States Court of Appeals for the Fourth Circuit affirmed Bowens's convictions for drug conspiracy and obstruction of justice, but reversed his convictions for

2

harboring a fugitive based on lack of venue. <u>United States v. Bowens</u>, 224 F.3d 302 (4th Cir. 2000).

On March 22, 2002, Bowens, by counsel, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 125.) By Memorandum Opinion and Order entered on December 17, 2002, the Court denied Bowens's § 2255 motion. (<u>See</u> ECF Nos. 133, 134.) Since that time, Bowens has filed several unauthorized second or successive § 2255 motions. (<u>See</u> ECF Nos. 157, 158, 207, 208.)

Thereafter, Bowens sought permission from the Fourth Circuit to file a successive § 2255 motion based upon the Supreme Court's decision in <u>Johnson</u>. On June 23, 2016, the Fourth Circuit granted Bowens authorization to file this successive § 2255 motion. (<u>See</u> ECF No. 242, at 1.) As discussed below, Bowens's claim is procedurally barred by 28 U.S.C. 2255(h)(2) and by 28 U.S.C. § 2255(f)(3) as untimely.

## II. ANALYSIS

### A. Bowens Fails to Satisfy The Standard For Successive § 2255 Motions

The Fourth Circuit granted Bowens pre-filing authorization to file a successive motion in this Court pursuant to 28 U.S.C. § 2255(h)(2). Under § 2255(h)(2), Bowens must demonstrate that his claim is based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,

3

that was previously unavailable." 28 U.S.C. § 2255(h)(2). In his § 2255 Motion, Bowens raises entitlement to relief based upon the following claim:

> Claim One: "In light of Johnson, Mr. Bowens does not qualify as a career offender." (§ 2255 Mot. 6 (emphasis omitted and capitalization corrected).)

The Fourth Circuit's determination that Bowens satisfies § 2255(h) "is 'tentative in the following sense: the district court must dismiss the motion that [the Fourth Circuit has] allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion.'" McLeod v. Peguese, 337 F. App'x 316, 324 (4th Cir. 2009) (quoting Bennett v. United States, 119 F.3d 468, 470 (7th Cir. 1997)). Thus, it is necessary to examine Bowens's claim and dismiss it, if the Court finds that it is barred under § 2255(h). See United States v. MacDonald, 641 F.3d 596, 604 (4th Cir. 2011) (citing United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)).

To satisfy 28 U.S.C § 2255(h)(2), Bowens must demonstrate: (1) the rule announced in Johnson v. United States, 135 S. Ct. 2551 (2015), constitutes a new rule of constitutional law that was previously unavailable; and (2) the Supreme Court has made the rule announced in Johnson retroactive to cases on collateral review. As explained below, Bowens fails to satisfy these requirements because the Supreme Court has neither extended the

4

rule in Johnson to Sentencing Guidelines challenges, nor made such an extension retroactive.

In Johnson, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.[1] In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that "Johnson announced a substantive rule of law that has retroactive effect in cases on collateral review." Id. at 1268. Bowens now argues that Johnson invalidated the identically worded "residual clause" in United States Sentencing Guidelines ("USSG") § 4B1.2.[2]

---

[1] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" Johnson, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

[2] At the time of Bowens's sentencing, the definition of "crime of violence" read as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
> (1) has an element the use, attempted use, or

5

However, after Bowens filed his § 2255 Motion, the Supreme Court, in Beckles v. United States, 137 S. Ct. 886 (2017), refused to extend Johnson's holding to the similar residual clause found in the advisory guidelines, [USSG] § 4B1.2(a)(2). See Beckles, 137 S. Ct. at 892; United States v. Lee, 855 F.3d 244, 246-47 (4th Cir. 2017) (citation omitted).

Despite the Supreme Court's explicit refusal to extend Johnson's holding to the Sentencing Guidelines, Bowens presumably argues that Beckles only applied to the advisory Sentencing Guidelines, and his mandatory, pre-Booker sentence as a career offender is unconstitutional under Johnson and Welch. He argues that Johnson invalidated the identically worded "residual clause" in USSG § 4B1.2, and because robbery is not an enumerated offense in § 4B1.2 and further because robbery fails to satisfy the "force clause" of that guideline, he no longer has two predicate "crimes of violence" to find him a career offender. (§ 2255 Mot. 6.) However, Bowens's attempt to utilize Johnson as a means around the procedural roadblock of

---

threatened use of physical force against the person of another, or
(2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

USSG § 4B1.2 (1998). The bolded portion above is identical to the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(iii) that Johnson invalidated.

6

§ 2255(h)(2) fails. Contrary to Bowens's suggestion, Johnson's holding applies to individuals sentenced pursuant to ACCA, rather than individuals such as Bowens who were sentenced under § 4B1.1 of the then-mandatory Sentencing Guidelines. See Mitchell v. United States, No. 3:00-CR-00014, 2017 WL 2275092, *1, *5 n.5 (W.D. Va. May 24, 2017); cf. United States v. Brown, --- F.3d ----, No. 16-7056, 2017 WL 3585073, at *5 (4th Cir. Aug. 21, 2017) (explaining that "Johnson only recognized that ACCA's residual clause was unconstitutionally vague" and "it did not touch upon the residual clause" of the Sentencing Guidelines). Accordingly, because Johnson fails to extend to Bowens's sentence pursuant to the Sentencing Guidelines, he fails to satisfy the requirements of § 2255(h)(2). Thus, Bowens's § 2255 Motion is an improper, successive motion under § 2255(h)(2).

### B. Bowens's § 2255 Motion Is Untimely

Even if Bowens's § 2255 Motion was not an improper, successive § 2255 motion, it would also be barred by the statute of limitations. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

7

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Bowens argues that his § 2255 Motion is timely under § 2255(f)(3). (Reply 2-3, ECF No. 253.)

In order to obtain a belated commencement of the limitation period under § 2255(f)(3), a petitioner "must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." United States v. Mathur, 685 F.3d 396, 398 (4th Cir. 2012). If the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion." Dodd v. United States, 545 U.S. 353, 358-59 (2005).

Bowens argues that Johnson announced a newly recognized right that the Supreme Court has made retroactively applicable to cases on collateral review, and that right extends not just to ACCA sentences, but also to his sentence under the Sentencing Guidelines. Bowens contends that he "need only rely on Johnson for his motion to be timely under § 2255(f)(3). There need not be a separate Supreme Court decision specifically applying Johnson to mandatory guidelines." (Reply 3.) Thus, in essence, rather than relying on the rule of Johnson, Bowens seeks the creation of a second new rule extending Johnson to the mandatory Sentencing Guidelines.

> Regrettably for [Bowens], the Supreme Court did not recognize such a right in Johnson. While Johnson did announce a retroactively applicable right, Welch v. United States, [136 S. Ct. 1257, 1265] (2016), Johnson dealt only with the residual clause of ACCA- a federal enhancement statute . . . . Johnson did not discuss the mandatory Sentencing Guidelines' residual clause at issue here . . . .

Brown, 2017 WL 3585073, at *4. The "right asserted" in Johnson is not the same right that Bowens seeks to assert in this case. As previously discussed, Johnson's holding was limited to those individuals sentenced under ACCA and it did not touch upon the residual clause found in the Sentencing Guidelines. See Brown, 2017 WL 3585073, at *5; Mitchell, 2017 WL 2275092, at *5. As Johnson does not apply to Bowens's sentence under USSG § 4B1.2, he may not utilize Johnson to make his § 2255 Motion timely under § 2255(f)(3). See Brown, 2017 WL 3585073, at *4-5

(refusing to extend Johnson to invalidate a career offender sentence under the mandatory guidelines and finding such a challenge untimely). Accordingly, Bowen's § 2225 Motion is also untimely and must be dismissed.[3]

### III. OUTSTANDING MOTION

Bowens also filed a "PETITION SEEKING STATEMENT OF REASONS IN A CRIMINAL CASE," in which he indicates that the Court's Statement of Reasons for his sentence is not in his personal file. (Pet. Seeking Statement of Reasons 1, ECF No. 217.) Bowens asks the Court to direct the Clerk to send him a copy of this document because he is "still litigating [his] case, and [has] need for the information contained" therein. (Id. at 2.) Bowens's conviction has been final since 1999, therefore the Court fails to discern why Bowens has any need for the Court's Statement of Reasons. Moreover, Bowens fails to provide the procedural vehicle that authorizes the action that he seeks. Accordingly, Bowens's "PETITION SEEKING STATEMENT OF REASONS IN A CRIMINAL CASE" (ECF No. 217) will be denied.

---

[3] Although Bowens's case is procedurally barred, Bowens also seemingly concedes that even if Johnson somehow entitled him to relief, Bowens's guidelines sentencing range of life in prison would not change. (§ 2255 Mot. 4.) Because Bowens was a career offender his criminal history category increased from IV to VI. Bowens's total offense level was 45 and that was not driven by the career offender guidelines. However, with a total offense level of 45 and a lower criminal history category of IV, Bowens's guidelines range remained life in prison. See id.

## IV. CONCLUSION

For the foregoing reasons, Bowens's § 2255 Motion (ECF No. 244) will be dismissed as barred by 28 U.S.C. § 2255(h)(2) and by 28 U.S.C. § 2255(f)(3). The action will be dismissed. Bowens's "PETITION SEEKING STATEMENT OF REASONS IN A CRIMINAL CASE" (ECF No. 217) will be denied. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 6, 2017